```
                      UNITED STATES DISTRICT COURT
                         DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MARC ZITTER, | Civil No. 15-6488 (NLH/KMW) |
| Plaintiff, | **OPINION** |
| v. | |
| CHRISTOPHER PETRUCCELLI, et al. | |
| Defendants. | |

**APPEARANCES:**

Jeffrey Erik Jakob
William F. Cook
William M. Tambussi
Brown & Connery LLP
360 Haddon Avenue
Westmont, NJ 08108
　　*Attorneys for Plaintiff*

Kevin J. Fleming
State of New Jersey
Office of the Attorney General
25 Market Street
P.O. Box 116
Trenton, NJ 08625
　　*Attorney for Defendants*

**HILLMAN, District Judge**

　　This case concerns an oyster harvesting operation in Cape May, New Jersey. Plaintiff sues several state officials claiming that they destroyed thousands of dollars' worth of his oysters in retaliation for protected speech. Presently before the Court is Plaintiff's Motion for Reconsideration of the Court's previous

1

decision granting Defendants' Motion to Dismiss as it pertains to the Takings Clause claim asserted in the First Amended Complaint. For the reasons stated herein, the Motion for Reconsideration will be denied.

## I.

The Court's decision implicated by the instant motion is available at *Zitter v. Petruccelli*, 2016 U.S. Dist. LEXIS 135656 (D.N.J. Sept. 30, 2016). In that opinion, the Court ruled that Plaintiff's Takings Clause claim would be dismissed with prejudice for failure to state a claim, explaining,

> Plaintiff's property was seized pursuant to New Jersey statute which in order to protect the public health requires the Department of Environmental Protection to prohibit the taking and sale of oysters from contaminated waters (N.J. Stat. Ann. § 54:24-3) and authorizes the agency to destroy or dispose of any such food "[e]xposed or offered for sale, or had in possession with intent to sell" (N.J. Stat. Ann. § 24:4-11).

*Zitter*, 2016 U.S. Dist. LEXIS at *21. Therefore, the Court held, Plaintiff could not allege that there had been an unlawful taking.

The opinion and order were issued on September 30, 2016. The instant Motion for Reconsideration was filed on October 28, 2016. On that same day, Plaintiff filed a Second Amended Complaint which asserts a Takings Clause claim. Most notably, the Second Amended Complaint alleges that the state entity that actually took and destroyed Plaintiff's oysters-- the Division Fish and Wildlife-- lacks statutory and regulatory authority to enforce the violations with which Zitter was charged. (*See* Second Amended Complaint ¶ 291)

Plaintiff asserts that this is a different theory of liability than before.

Defendants have moved to dismiss the Second Amended Complaint. Although the Second Amended Complaint asserts a Takings Clause claim, Defendants do not argue that the Second Amended Complaint fails to state a claim as to the Taking Clause (other than arguing 11th Amendment and qualified immunity); nor do Defendants argue that this Court already ruled on the Takings Claim as asserted in the Second Amended Complaint.

**II.**

Local Civil Rule 7.1(i) provides, "[u]nless otherwise provided by statute or rule (such as Fed. R. Civ. P. 50, 52 and 59), a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge."

**III.**

The motion will be denied for two independent reasons.

**A.**

Defendants argue the instant motion should be denied as untimely. The Court agrees. Plaintiff does not dispute that his motion for reconsideration was filed 28 days (i.e., more than 14 days) after the entry of the order on the original motion. However, Plaintiff argues that his Motion for Reconsideration is brought pursuant to Fed. R. Civ. P. 59(e), which is specifically exempted from the Local Rule's 14-day time limit. Rule 59(e) motions must be

3

filed "no later than 28 days after the entry of the judgment," Fed. R. Civ. P. 59(e), therefore, Plaintiff argues, his motion is timely.

Defendant responds that Rule 59(e) does not apply because the rule only applies to final judgments, not interlocutory orders. The Court agrees. First, the Court begins with the title and text of the rule itself: "Rule 59. New Trial; Altering or Amending a *Judgment*." (emphasis added). The rule speaks of only judgments, not orders. This is significant given that the very next Rule -- Rule 60 -- is entitled "Relief from a *Judgment or Order*." (emphasis added).[1]

Caselaw confirms this interpretation. Chief District Judge Simandle has explained,

> The provisions of Rule 59 are designed to address orders rendering a final judgment, not interlocutory orders denying summary judgment. Because no final judgment has been entered in this action pursuant to Rule 54(b), the provisions of Rule 59, and its 28-day time limit, are inapplicable here. *Juzwin v. Amtorg Trading Corp.*, 718 F. Supp. 1233, 1235 (D.N.J. 1989). The proper procedural mechanism for reconsideration of this interlocutory order is Local Civil Rule 7.1(i). Motions under L. Civ. R. 7.1(i) must be served and filed within 14 days after the entry of the order. In this case, the Defendant filed his motion for reconsideration 28 days after the court entered its order denying summary judgment. Consequently, Defendant Perez's motion for reconsideration is untimely as it was filed outside the fourteen-day period prescribed by L. Civ. R. 7.1(i) and can be denied on this ground alone. *United States v. Balter*, No. 93-536-01, 2010 U.S. Dist. LEXIS 75334 (July 26, 2010), *aff'd* 410 Fed. App. 428 (3d Cir. 2010)(denying motion for reconsideration which was filed 30 days after

---

[1] It is unclear why Plaintiff has not sought relief under Rule 60.

4

order was entered and 17 days after order was received by the pro se party moving for reconsideration).

*Mitchell v. Twp. of Willingboro Municipality Gov't*, 913 F. Supp. 2d 62, 78 (D.N.J. 2013); *see also, Jones v. Sanko Steamship Co., Ltd.*, 2016 U.S. Dist. LEXIS 26205 at *10-11 (D.N.J. March 2, 2016)(Simandle, C.D.J.)("[t]he provisions of Federal Rule of Civil Procedure 59 address orders rendering a final judgment, not interlocutory orders. . . . Because no final judgment has been entered . . . the provisions of Rule 59(e), and its 28-day time limit, have no application. . . . Rather, Local Civil Rule 7.1(i) provides the proper procedural mechanism for reconsideration of this Court's interlocutory summary judgment decision.")(internal citations omitted); *Fields, Jr. v. Dickerson*, 2017 U.S. Dist. LEXIS 47278 at *2 (D.N.J. March 30, 2017)(Hillman, D.J.)("Local Civil Rule 7.1(i) governs motions for reconsideration. Local Civil Rule 7.1(i) will apply where no final judgment has been entered pursuant to Rule 54(b)."); *McPhaul v. Astrue*, 2011 U.S. Dist. LEXIS 17784 at *3 (D.N.J. Feb. 23, 2011)(Linares, D.J.)("this Court issued an Order denying the Commissioner's 59(e) motion to alter or amend because it was untimely. This Court stated that the District of New Jersey's Local Rule 7.1(i) creates a procedure or filing motions for reconsideration, and requires service and filing to be completed within 14 days of the Court's Order, and not 28 days as delineated by Rule 59(e)."); *Byrne v. Calastro*, 2006 U.S. Dist. LEXIS 64054 at *7 (D.N.J. Aug. 28, 2006)(Cavanaugh, D.J.)("[Local Civil Rule

5

7.1(i)], rather than Rule 59 of the Federal Rules of Civil Procedure, governs motions for reconsideration filed in the District of New Jersey.").[2]

The Court holds that Local Civil Rule 7.1(i), and not Fed. R. Civ. P. 59(e), governs Plaintiff's instant application. Accordingly, the motion is untimely.

**B.**

Defendants also argue that "Plaintiff's alleged basis for reconsideration was not raised previously and therefore is not appropriate for reconsideration." (Opposition Brief, p. 5) Indeed, it appears undisputed that Plaintiff asserts a new theory of his Takings Clause claim as the basis of the instant motion, which is the same theory simultaneously asserted in Plaintiff's Second Amended Complaint.

The Court agrees that reconsideration is inappropriate. As a matter of logic, the Court cannot reconsider an issue not previously raised by the parties, and consequently not considered by the Court in the first instance. *See Shanahan v. Diocese of Camden*, 2014 U.S. Dist. LEXIS 37994 at *5-6 (D.N.J. Mar. 21, 2014)(Hillman,

---

[2] The Eastern and Middle Districts of Pennsylvania, as well as the District of Delaware, have reached the same holding in applying their respective local rules, which are analogous to the District of New Jersey's rule. *See ATD-American Co. v. Krueger Int'l, Inc.*, 2014 U.S. Dist. LEXIS 112507 at *28-29 (E.D. Pa. Aug. 12, 2014); *Arlington Industries, Inc. v. Bridgeport Fittings, Inc.*, 2011 U.S. Dist. LEXIS 119438 at *7-8 (M.D. Pa. Oct. 17, 2011); *ACLU v. Dept. of Correction*, 2015 U.S. Dist. LEXIS 55948 at *6 (D. Del. April 29, 2015).

6

D.J.)("'[n]ot only are ... motions [for reconsideration] not a substitute for the appellate process, such motions are not an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers.'")(quoting *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001)); *Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co.*, 744 F. Supp. 1311, 1314-15 (D.N.J. 1990)(denying a motion for reconsideration of the Court's summary judgment opinion, stating, "this Court did not and could not have 'overlooked' this affidavit, as it was not submitted in connection with the previous motion, although [the moving party] certainly could have submitted it.").

Accordingly, the Motion for Reconsideration will be denied for this alternative reason.

**IV.**

For the reasons stated above, the Motion for Reconsideration will be denied. An appropriate Order accompanies this Opinion.



Dated: May 8, 2017                     ____s/ Noel L. Hillman____
                                       Noel L. Hillman, U.S.D.J.